[Cite as *Mason v. Mason*, 2011-Ohio-4775.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WILLIAM G. MASON, EXECUTOR FOR THE ESTATE OF ZONA E. MASON | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. John W. Wise, J. |
|     Plaintiff-Appellee | Hon. Patricia A. Delaney, J. |
| -vs- | |
| WILLIAM G. MASON, ET AL. | Case No. 10-CA-18 |
|     Defendants-Appellees | |
| -vs- | |
| NATIONAL CITY BANK, NKA PNC BANK, N.A. | NUNC PRO TUNC O P I N I O N<br>TYPOGRAPHICAL ERROR ON COVER PAGE |
|     Defendant-Appellant | |

CHARACTER OF PROCEEDING:      Appeal from the Perry County Court of Common Pleas, Probate Divison, Case No. 092840

JUDGMENT:                     AFFIRMED

DATE OF JUDGMENT ENTRY:      September 19, 2011

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ROBERT JOHNSTON                   DANIELLE CULLEN
144 East Main Street                 323 West Lakeside Avenue, Suite 200
Lancaster, OH 43130                Cleveland, OH 44113

*Delaney, J.*

{¶1}    Defendant-Appellant, National City Bank, nka PNC Bank, N.A. appeals the September 17, 2010 judgment entry of the Perry County Court of Common Pleas, Probate Division, in this action for the sale of real estate.

## STATEMENT OF THE FACTS AND CASE

{¶2}    On July 9, 2009, Plaintiff-Appellee, William G. Mason, as Executor for the Estate of Zona E. Mason filed a Complaint for Sale of Real Estate with the Perry County Court of Common Pleas, Probate Division.  Appellee moved to sell the decedent's real estate to pay the estate's debts.

{¶3}    Appellee named William G. Mason, Carol Fife, Capital Financial Services, Inc., National City Bank (nka PNC Bank), and the Perry County Treasurer as Defendants.  Capital Financial Services, Inc. and Appellant held mortgages on the property to be sold by Appellee.  The complaint stated:

{¶4}    "Wherefore, plaintiff prays that said real estate be sold in its entirety; that all parties claiming an interest in said real estate be required to set forth their claims or be forever barred; that the rights, interests and liens of all parties may be fully determined, adjusted and protected; and that your Complainant be authorized and ordered to sell said real estate according to the statutes in such case made and provided; that the complainant [sic] be authorized to retain the services of a real estate auctioneer to conduct said sale and for such other and further relief as he may be entitled."

{¶5}   Appellant was served on July 17, 2009.  Capital Financial Services, Inc. was served on July 16, 2009.  The Perry County Treasurer filed an Answer on July 31, 2009.

{¶6}   Counsel for the Estate and Appellant engaged in a telephone conference and corresponded through mail during the answer period.

{¶7}   On August 19, 2009, a judgment entry "Dispensing with a New Appraisement and Bond and Ordering Sale" was issued by the trial court.  The judgment entry stated that Capital Financial Services, Inc. and Appellant were in default of answer.  The entry stated, "defendants * * * have failed to answer and/or counterclaim herein, and otherwise have failed to present any claim, right, title or interest in and to the real estate herein, said defendants are held in default and their claims are forever barred."  The record reflects that Appellee did not file a motion to initiate the August 19, 2009 judgment entry.

{¶8}   The property then went to public sale.  On August 31, 2009, Appellant filed an Answer and Consent to Plaintiff's Complaint to Sell Real Estate.

{¶9}   The trial court filed a judgment entry on October 20, 2009, confirming the sale of the property.  The trial court further stated in the judgment entry,

{¶10}  "And, the Court having found that the claims of the Defendants, National City Bank and Capital Finance Services, Inc., dba Beneficial Mortgages of Ohio, Inc. are denied by reason of said Defendants' failure to answer or otherwise plead in these proceedings, the Clerk is hereby ordered to record a copy of the Judgment Entry in the Recorder's Office of Perry County, Ohio; and the said Recorder shall note a release of said mortgages in the margin of said mortgages * * *."

{¶11} Appellant filed a Motion for Relief from Judgment on November 5, 2009. Appellant alleged it failed to file an answer to Appellee's complaint for sale of the real estate due to excusable neglect. Appellant stated that the answer was not timely filed due to an administrative error. Appellant further alleged that it had a meritorious defense to Appellee's complaint for sale in that it had a first and best mortgage lien interest on the property in question. However, Appellant did not object to the sale of the property.

{¶12} The parties filed multiple briefs on the issues and the trial court held a hearing on the matter on February 1, 2010 and June 14, 2010.

{¶13} The trial court issued its judgment on September 17, 2010, denying Appellant's Motion for Relief from Judgment. The trial court found that Appellant failed to demonstrate excusable neglect in its failure to answer the complaint.

{¶14} It is from this decision Appellant now appeals.

**ASSIGNMENTS OF ERROR**

{¶15} Appellant raises three Assignments of Error:

{¶16} "I. THE PROBATE COURT ABUSED ITS DISCRETION BECAUSE DEFENDANT-APPELLANT PNC IS ENTITLED TO RECEIVE ITS SHARE OF THE PROCEEDS PURSUANT TO OHIO REVISED CODE §2127.38 AND OHIO REVISED CODE §2127.19 DOES NOT AUTHORIZE LIEN EXTINGUISHMENTS PRIOR TO SALE. (*SEE, SUPPLEMENTAL BRIEF PGS. 4-6 DOCKETED JULY 14, 2010 AND JUDGMENT ENTRY DATED JULY 17, 2010.*)

{¶17} "II. THE PROBATE COURT ABUSED ITS DISCRETION IN EXTINGUISHING DEFENDANT-APPELLANT PNC'S LIEN, PRIOR TO SALE,

BECAUSE PLAINTIFF-APPELLEE THE ESTATE OF ZONA MASON DID NOT COMPLY WITH OHIO CIVIL RULE 55. (*SEE, SUPPLEMENTAL BRIEF PGS. 7-8 DOCKETED JULY 14, 2010 AND JUDGMENT ENTRY DATED JULY 17, 2010.*)

{¶18} "III. THE PROBATE COURT ABUSED ITS DISCRETION BECAUSE DEFENDANT-APPELLANT PNC ESTABLISHED INADVERTENCE OR EXCUSABLE NEGLECT AND MET ALL THREE REQUIRED PRONGS OF RELIEF. (*SEE, SUPPLEMENTAL BRIEF AFFIDAVIT ATTACHED AS EXHIBIT "A" DOCKETED JULY 14, 2010 AND JUDGMENT ENTRY DATED JULY 17, 2010.*)

III.

{¶19} We will begin by addressing Appellant's third Assignment of Error. Appellant argues the trial court abused its discretion when it denied Appellant's motion for relief from judgment.

{¶20} The decision whether to grant a motion for relief from judgment under Civ.R. 60(B) lies within the trial court's sound discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 514 N.E.2d 1122. In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶21} A party seeking relief from judgment pursuant to Civ.R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be timely filed." *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. A failure to establish any one of these three requirements will cause the motion to be overruled. *Rose Chevrolet, Inc. v.*

*Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564; *Argo Plastic Prod. Co. v. Cleveland* (1984), 15 Ohio St.3d 389, 391, 474 N.E.2d 328.

{¶22} Appellant brought its Motion for Relief from Judgment pursuant to Civ.R. 60(B)(1). Civ.R. 60(B) states in pertinent part,

{¶23} "On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered to taken."

{¶24} There is no dispute that Appellant's motion for relief from judgment was brought within a reasonable time. We next examine the trial court's decision to find that Appellant failed to demonstrate excusable neglect.

{¶25} Appellant states the delay in answering Appellee's complaint was due to administrative error within its counsel's office. Appellant was served with the complaint on July 17, 2009. Appellant submitted the complaint to its outside counsel shortly before the answer period was due to expire. Counsel prepared the answer to Appellee's complaint, but Appellant alleges a secretary in its counsel's office did not properly process the answer so that it would be timely filed. Appellant's answer was filed on August 31, 2009. Appellant's answer was due on August 15, 2009.

{¶26} During the answer period, Appellant and Appellee participated in a telephone conference and exchanged correspondence regarding Appellee's complaint.

{¶27} Civ.R. 60(B)(1) states that a party may be granted relief from judgment if their trial counsel's actions represent "excusable neglect." The Ohio Supreme Court

has defined "excusable neglect" in the negative by stating that, "* * * the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102, citing *GTE,* supra, at 153, 351 N.E.2d 113.

{¶28} Although excusable neglect is an "elusive concept," *Kay v. Marc Glassman, Inc.,* supra, "the failure to plead or respond after admittedly receiving a copy of a complaint is generally not excusable neglect." *Dutton v. Potroos*, 5th Dist. No. 2010CA00318, 2011-Ohio-3646 citing *LaSalle Nat. Bank v. Mesas,* 9th Dist. No. 02CA008028, 2002–Ohio–6117, at ¶ 13. It has been held that "[o]nly where the failure to respond is coupled with a complete lack of notice of the original motion may excusable neglect lie." *Chuck Oeder Inc. v. Bower,* 9th Dist. No. 23785, 2007–Ohio–7032, at ¶ 8, quoting *Zimmerman v. Rourke,* 9th Dist. No. 04CA008472, 2004–Ohio–6075, at ¶ 9. Excusable neglect has been further defined as some action "not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident." *Emery v. Smith,* 5th Dist. Nos.2005CA00051, 2005CA00098, 2005-Ohio-5526, ¶ 16 citing *Vanest v. Pillsbury Co.* (1997), 124 Ohio App.3d 525, 536 fn. 8, 706 N.E.2d 825.

{¶29} Based on the record before us and the case law regarding excusable neglect, we find the trial court did not abuse its discretion in finding that Appellant failed to demonstrate excusable neglect. Appellant was aware of Appellee's complaint for the sale of the property and Appellant discussed the case with Appellee, but due to its inattention, Appellant failed to file a timely answer.

{¶30} Appellant has failed to establish one of the three required prongs under the *GTE* test and therefore Appellant's motion for relief from judgment must be overruled. See *Rose Chevrolet*, supra. Accordingly, it is unnecessary for this Court to address Appellant's argument that it also has a meritorious defense to Appellee's complaint.

{¶31} Appellant's third Assignment of Error is overruled.

**I., II.**

{¶32} We address Appellant's first and second Assignments of Error together.

{¶33} Appellant argues in its first Assignment of Error that the trial court abused its discretion extinguishing Appellant's lien on the property prior to the sale of the property. Appellant's second Assignment of Error states that Appellee did not properly move for default judgment under Civ.R. 55.

{¶34} On August 19, 2009, the trial court issued a judgment entry ordering the sale of the property at issue and extinguished the liens of Appellant and Capital Financial Services for their failure to answer the complaint. On October 20, 2009, the trial court issued a judgment entry confirming the sale and finding the claims of Appellant and Capital Financial Services were denied because Appellant and Capital Financial Services failed to timely answer or otherwise plead.

{¶35} Instead of filing an appeal of the August 19, 2009 or October 20, 2009 decisions, Appellant filed a motion for relief from judgment. Appellant then appealed the trial court's September 17, 2010 judgment entry denying Appellant's motion for relief from judgment. Therefore, the only issue before this Court is whether the trial court

abused its discretion in denying Appellant's motion for relief from judgment under the dictates of Civ.R. 60(B).

{¶36} In Appellant's appeal, however, Appellant raises arguments in its first and second Assignments of Error that go beyond a decision under Civ.R. 60(B). Specifically, Appellant raises arguments concerning the trial court's August 19, 2009 and October 20, 2009 judgment entries. It is well settled that Civ.R. 60(B) "is not available as a substitute for a timely appeal * * * nor can the rule be used to circumvent or extend the time requirements for an appeal." *Blasco v. Mislik* (1982), 69 Ohio St.2d 684, 686.

{¶37} For this reason, we overrule Appellant's first and second Assignments of Error.

{¶38} The judgment of the Perry County Court of Common Pleas, Probate Division is affirmed.

By: Delaney, J.

Gwin, P.J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

WILLIAM G. MASON, EXECUTOR FOR     :
THE ESTATE OF ZONA E. MASON         :
                                     :
        Plaintiff-Appellee           :
                                     :
-vs-                                 :
                                     :
WILLIAM G. MASON, ET AL.             :          JUDGMENT ENTRY
                                     :
        Defendants-Appellees         :          Case No. 10-CA-18
-vs-                                 :
                                     :
NATIONAL CITY BANK, NKA PNC          :
BANK, N.A.                           :
                                     :
        Defendant-Appellant          :

For the reasons stated in our accompanying Memorandum-Opinion, the decision

of the Perry County Court of Common Pleas, Probate Division, is affirmed.

Costs to Appellant National City Bank, NKA PNC Bank, N.A.


_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE