[Cite as *Romp v. Jean-Pierre*, 2016-Ohio-5072.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Jeff Romp, et al.                                    Court of Appeals No. L-15-1123

     Appellees                              Trial Court No. CVG-14-08961

v.

Claude Jean-Pierre, et al.                    **DECISION AND JUDGMENT**

     Appellants                              Decided:  July 22, 2016

* * * * *

Douglas K. Jordan, for appellants.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

{¶ 1} In this forcible entry and detainer action, appellant, Claude Jean-Pierre,

appeals an order of the Toledo Municipal Court denying his motion to vacate a default

judgment entered against him. Appellant argued that the default judgment should have been vacated because he never received notice.

{¶ 2} For the reasons that follow, we agree with appellant. We reverse the judgment below and remand the case back to the lower court with instructions consistent with this opinion.

## II. Facts and Procedural History

{¶ 3} Appellant is a physician who resides in Solon, Ohio. He is employed in Toledo, however, and leased a duplex from appellees, Jeffrey and Chris Romp, to reside in while working. The duplex is located at 2446 Airport Highway in Toledo.

{¶ 4} Appellant entered into a lease agreement on May 18, 2013. The term was for a period of five months, between June 1 and October 31, 2013. The lease allowed the tenancy to continue on a month-to-month basis after the first year.

{¶ 5} Within days of entering into the agreement, appellant "no longer needed" the apartment and told appellees. Two weeks later, Ms. Ciara Prior signed an application to be added as a roommate.

{¶ 6} On June 22, 2014, appellees posted a "Notice to Leave Premises" at the duplex, a statutorily required first-step in pursuing an eviction. Appellees demanded that appellant, Ms. Prior, and anyone else living there vacate the premises within three days. The basis for the eviction was non-payment of rent.

{¶ 7} On July 1, 2014, appellees filed a "Landlord's Complaint" in municipal court, demanding back rent and an unspecified amount in damages. Service of the

2.

summons and complaint was accomplished as to appellant and to Ms. Prior by regular mail to the rental property and by posting the items to the exterior of the premises.

{¶ 8} On July 15, 2014, the municipal court ordered restitution of the premises to appellees and continued the proceedings as to the damages action.

{¶ 9} On September 15, 2014, appellees moved for a default judgment because neither defendant had answered or otherwise responded to the complaint. Appellees demanded $3,238.11, plus interest, in unpaid rent and repairs to the apartment.

{¶ 10} On December 5, 2014, the municipal court entered a judgment in that amount in favor of appellees. Appellant learned of the judgment against him three weeks later, when his wages were garnished.

{¶ 11} On March 4, 2015, appellant filed a motion to vacate the judgment, pursuant to Civ.R. 60(B). In support, appellant filed an affidavit, in which he averred that he had never occupied or lived in the duplex and that he had received no notice of the action against him.

{¶ 12} On April 9, 2015, the trial court denied appellant's motion without comment. Appellant timely appealed and asserts two assignments of error:

> First Assignment of Error: THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO VACATE THE JUDGMENT.

> Second Assignment of Error: THE TRIAL COURT ERRED IN FAILING TO ORDER AN EVIDENTIARY HEARING BEFORE RULING ON APPELLANT'S MOTION TO VACATE JUDGMENT.

3.

## II. Law and Analysis

### A. Standard of Review

{¶ 13} Appellant frames the issue as whether the municipal court erred when it denied his motion to vacate the default judgment. The underlying issue, however, is whether service as to appellant was proper. A judgment that is based on faulty service is void. *Lincoln Tavern, Inc. v. Snader,* 165 Ohio St. 61, 133 N.E.2d 606 (1956), paragraph three of the syllabus. Courts in Ohio have "inherent authority" to vacate a void judgment. *Westmoreland v. Valley Homes Mut. Hous. Corp.,* 42 Ohio St.2d 291, 294, 328 N.E.2d 406 (1975). Because of the court's inherent power, a party who asserts that the trial court lacks personal jurisdiction over him due to faulty service of process does not need to satisfy the requirements of Civ.R. 60(B). *Cavalry Invest. L.L.C. v. Clevenger,* 6th Dist. Lucas No. L-05-1103, 2005-Ohio-7003, ¶ 9. *See also State ex rel. Ballard v. O'Donnell,* 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), paragraph one of the syllabus.

{¶ 14} The proper method to challenge a void judgment is to file a common law motion to vacate. *C & W Inv. Co. v. Midwest Vending, Inc.*, 10th Dist. Franklin No. 03AP-40, 2003-Ohio-4688, ¶ 7. Accordingly, we treat appellant's Civ.R. 60(B) motion as a common law motion to vacate, and we evaluate it accordingly.

{¶ 15} The determination of whether service of process was sufficient in any particular case rests on the factual evaluation by the court and is within the sound discretion of the court. *Thomas v. Corrigan,* 135 Ohio App.3d 340, 344, 733 N.E.2d

4.

1213 (11th Dist.1999). An abuse of discretion connotes more than a mere error of law or judgment. Rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### B. Service of Process in a Forcible Entry and Detainer Action

{¶ 16} Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond. *Calvary Invest.* at ¶ 10, citing *Regional Airport Authority v. Swinehart,* 62 Ohio St.2d 403, 406 N.E.2d 811 (1980). The plaintiff in a case bears the burden of achieving proper service on a defendant. *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997). Where the plaintiff follows the rules governing service of process, courts presume that service is proper, unless the defendant rebuts this presumption with sufficient evidence of nonservice. *Calvary Invest*. at ¶ 10.

{¶ 17} With limited exception, the civil rules govern service of process in all civil actions. One such exception is a forcible entry and detainer action ("FED"). *See* Civ.R. 1(C) ("These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * in forcible entry and detainer * * *."). An FED action decides the right to immediate possession of real estate and nothing else. *Seventh Urban, Inc. v. Univ. Circle*, 67 Ohio St.2d 19, 25, fn. 11, 423 N.E.2d 1070 (1981).

5.

{¶ 18} Service of process for FED actions filed in Toledo Municipal Court is governed by local rule. Loc.R. 35(A) mirrors state law with regard to service in a FED claim and provides, in part,

> (1) In [FED] actions under Ohio Revised Code Chapter 1923, summons shall be issued in the form as specified in section 1923.06(B) of the Ohio Revised Code and shall be served as in the Rules of Civil Procedure, except as set forth in subsection (3) [herein]. * * *

> (3) Plaintiff shall request the Clerk to cause service of process for each defendant to be made *by bailiff service and by ordinary mail service.* If the plaintiff so requests the Clerk shall also cause service by certified mail. (a) The bailiff shall perfect service at the premises that are the subject of the forcible entry and detailer action by the following means: * * * (2) If the bailiff is unable to effect personal or residence service, the bailiff shall post the summons and complaint in a conspicuous place at the subject premises. (Emphasis added.)

{¶ 19} Service by ordinary mail is "made" when the clerk places a copy of the summons and complaint in the mail and the fact of mailing is placed on the record. *G.K.G. Builders, Inc. v. Burgess*, 6th Dist. No. Lucas L-13-1228, 2014-Ohio-2431, ¶ 15. Service of process is deemed "complete" on the latter of the two dates, between ordinary mail service and bailiff service. *Id.* at ¶16.

6.

## C. Service of Process in this Case

{¶ 20} Based upon the above and from our review of the record, the summons and complaint were served by ordinary mail to appellant at the Airport Highway location on July 3, 2014, and they were posted there on July 7, 2014. Thus, service of process was completed on July 7, 2014.

{¶ 21} Appellant does not appear to dispute that the summons and complaint were served in compliance with the local rule. Rather, he argues that service of process failed as to him because he did not live at that address, that appellees knew as much, and that he did not, in fact, receive notice of the case against him.

{¶ 22} Some courts have found that although service may be effective as to a FED claim, it can fail as to other claims in the action. A case from the Tenth Appellate District is instructive. *C&W Inv. Co. v. Midwest Vending, Inc.,* 10th Dist. Franklin No. 03AP-40, 2003-Ohio-4688. There, the landlord filed an FED complaint, alleging three cases of action: restitution of the premises, rent and late fees, and monetary damages. The summons and complaint were served by ordinary mail to the leased premises and by posting. The tenants did not answer the complaint, and a default judgment was entered against them. The tenants moved to vacate the judgment, claiming that they had not received notice of the case because they no longer occupied the premises when service was made there. The trial court vacated the default judgment, and the landlord appealed. The landlord argued that service by ordinary mail to, and posting at, the rental unit was

7.

sufficient for all three causes of action, not just the restitution action. *Id.* at ¶ 3-6. The court disagreed,

>  There is at least some arguable support for both sides of this issue. It could be argued that service for the restitution of premises action requires only service pursuant to R.C.1923.06, while service must also be accomplished pursuant to the Civil Rules if the complaint also contains a cause of action for monetary damages. * * * Conversely, R.C.1923.06(G)(2) seems to imply that service for **any other claims** filed with a claim for restitution of the premises is deemed complete when executed pursuant to R.C.1923.06.[1]
>
>  {¶ 23} However, we need not decide this issue in the present case.

Appellant and appellees have both conceded in their briefs and at oral argument that service was properly executed pursuant to R.C.1923.06. Thus, for the purposes of this decision only, and without deciding the issue, we will assume arguendo that service of the complaint for all three causes of action had to be completed pursuant to R.C.1923.06, and appellant complied with its requirements.

---

[1] Loc.R. 35(A)(3)(c) mirrors the language found in R.C.1923.06(G)(2). Both provide that service shall be "deemed complete" when service by ordinary mail and posting have occurred. We upheld the constitutionality of R.C.1923.06(G) in *Amherst Village Mgt. v. Vestal,* 6th Dist. Wood No. WD–99–075, 2000 WL 1595719 (Oct. 27, 2000).

8.

{¶ 24} Nevertheless, even if we assume appellant complied with the requirements of R.C.1923.06, there was not valid service under the circumstances in the present case. It is a well-established principle that the presumption of proper service may be rebutted by sufficient evidence that service was not actually accomplished. * * * This requires a factual finding by the trial court. The determination of whether service of process was sufficient in any particular case rests on the factual evaluation by the court and is within the sound discretion of the court. (Citations omitted.) *Id.* at ¶ 11-13.

{¶ 25} In the present case, although appellees complied with the service requirements under Loc.R. 35(A), appellant presented evidence to rebut the presumption of valid service as to him. Appellant averred in his affidavit that, "I never received notice regarding any claims of the Plaintiffs. I never received service of any court papers regarding Plaintiff's claims, even though the Plaintiffs knew at all times that I did not live at the leased premises, and that I lived in Solon, Ohio."

{¶ 26} Appellees put forth no evidence before the lower court to contradict appellant's claims. Under these circumstances, we find appellees' service attempt was not reasonably calculated to provide appellant notice of the pending action or provide him an opportunity to respond.

{¶ 27} Finding that due process was not afforded in this case does not frustrate the purposes of FED actions. FED actions are not so extraordinary so as to suspend the fundamental tenets of due process. *Id.* at ¶ 16. Our determination that appellant did not

9.

receive due process under the facts of this case does not hamper the service procedures afforded to landlords under local rule or R.C.1923.06. As long as such procedures reasonably apprise the tenant that an action had been initiated against it, such service afforded landlords under R.C.1923.06 is proper and not subject to later attack by a motion to vacate. *Id.* at ¶ 16.

{¶ 28} Finally, the law does not favor judgments by default. "[I]t is a basic tenet of Ohio Jurisprudence that cases should be decided whenever possible on their merits after giving all parties their day in court." *Id.* at ¶ 18.

{¶ 29} Given the uncontroverted evidence presented in this case that appellant did not receive service of the complaint, allowing the default judgment to stand strikes us as unreasonable. We believe that justice would best be served by permitting appellant to defend against appellees' claims. Therefore, we find that appellant failed to receive notice consistent with due process, and, that the trial court abused its discretion in denying appellant's motion to vacate the default judgment. *See also, Corley v. Sullivan–Busman,* 8th Dist. Cuyahoga No. 99420, 2013–Ohio–3909 (Trial court abused its discretion by denying a motion to vacate where the movant's sworn statement that he never received service of the complaint was uncontested.).

{¶ 30} Appellant's first assignment of error is well-taken. Based upon this finding, appellant's second assignment of error is moot, and we decline to address it.

## IV. Conclusion

**{¶ 31}** For the foregoing reasons, we sustain appellant's first assignment of error, and we reverse and remand this case to the Toledo Municipal Court with the instruction that the clerk of courts perfect service pursuant to Loc.R. 35(A). Costs are assessed to appellees pursuant to App.R. 24.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                          _____
                                                   JUDGE

Stephen A. Yarbrough, J.

                                        _____
James D. Jensen, P.J.                                   JUDGE
CONCUR.

                                        _____
                                                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.