[Cite as *Lucas Cty. Treasurer v. Mt. Airy Invests. Ltd.*, 2019-Ohio-3932.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Treasurer of Lucas County, Ohio                    Court of Appeals No. L-18-1254

     Appellee                                              Trial Court No. TF0201701622

v.

Mt. Airy Investments Ltd., et al.                  **DECISION AND JUDGMENT**

     Appellant                                              Decided: September 27, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, Evy M. Jarrett
and Suzanne Mandros, Assistant Prosecuting Attorneys, for appellee.

Howard B. Hershman, for appellant.

David J. Coyle and Emily M. Morrison, for intervenor Lucas County
Land Reutilization Corporation.

* * * * *

**MAYLE, P.J.**

{¶ 1} Appellant, Mt. Airy Investments Ltd. ("Mt. Airy"), appeals the November 8, 2018 judgment of the Lucas County Court of Common Pleas that denied Mt. Airy's motion for relief from judgment. For the following reasons, we affirm.

## I. Background and Facts

{¶ 2} In August 2017, appellee, Wade Kapszukiewicz, who was then the Lucas County treasurer ("the treasurer"), filed a tax foreclosure case against property owned by Mt. Airy. The case was assigned to the Lucas County board of revision. The record reflects that the Lucas County clerk of courts sent a summons, by certified mail, to Dan Robinson, Mt. Airy's statutory agent, at 1012 St. James Court, Toledo. The certified mail was returned unclaimed. On October 19, 2017, the clerk sent Robinson a summons at the same address by ordinary mail. The ordinary mail was not returned to the clerk of courts.

{¶ 3} On December 15, 2017, the board of revision filed an adjudication of foreclosure against the property, finding that Mt. Airy was in default for failing to answer, Mt. Airy owed $35,157.88 in delinquent taxes, fees, and costs, and that the property was "abandoned land and/or vacant land as defined in R.C. 323.65." Over six months later, on June 21, 2018, Mt. Airy filed a motion for relief from judgment, arguing that the adjudication of foreclosure was void because Mt. Airy had never received service of the summons and complaint, or, alternatively, that it was entitled to relief from judgment under Civ.R. 60(B)(1) due to excusable neglect. Mt. Airy pointed out that the court's electronic docket showed that both the complaint in the Mt. Airy case and the complaint from a different, unrelated case (with a separate case number) were docketed in the Mt. Airy case. Based on that, Mt. Airy argued that it was impossible to know

2.

whether the correct complaint was sent to Robinson in the ordinary-mail summons, and, if the incorrect complaint was sent, there was "an utter failure of service * * *."

{¶ 4} In support of its motion, Mt. Airy submitted the affidavits of Adel Kamal, the sole member of Mt. Airy; Tammy Aldabel, Kamal's "attorney in fact" when the complaint was filed; and Robinson.

{¶ 5} In his affidavit, Kamal averred that he was incarcerated at all relevant times and had given Aldabel power of attorney to exercise his rights as the member of Mt. Airy. According to Kamal, when Mt. Airy received a summons, the usual process was that the summons was forwarded to him to determine what action should be taken. He said that he did not receive a summons, a copy of the complaint in the underlying tax foreclosure case, or any notice that Robinson had received a summons or copy of the complaint. He claimed that, had he been aware of the tax foreclosure case, he would have defended against the case by claiming that the property was not abandoned, or he would have liquidated other assets to pay the delinquent taxes.

{¶ 6} Aldabel, in her affidavit, confirmed that she had power of attorney to act on Kamal's behalf at the time the tax foreclosure was filed. She also said that she did not receive notice from Robinson about the proceedings and was unaware of the proceedings until May 2018.

{¶ 7} In his affidavit, Robinson confirmed that he was the statutory agent for Mt. Airy at the time the complaint was filed, that his address was 1012 St. James Court, Toledo, and that if he received any summonses or "official notification[s]" addressed to

3.

Mt. Airy, he was directed to deliver such documents to Kamal or Aldabel. Although he was contacted by an investigator for the Lucas County prosecutor's office (which represents the treasurer) to confirm his address, Robinson "did not receive any mail pertaining to that contact * * *." He also claimed that he "never had a summons to deliver" to Kamal or Aldabel, and that he did not deliver a summons or official communication relating to the tax foreclosure to anyone.

{¶ 8} On August 3, 2018, the treasurer filed a memorandum in opposition to Mt. Airy's motion, arguing that service was presumed and Mt. Airy was not entitled to relief from judgment under Civ.R. 60(B) because it could not show excusable neglect or that it had a meritorious defense. The treasurer contended that, under R.C. 323.72(A)(1), the only statutory defenses to a tax foreclosure are (1) the taxes and costs in the complaint have been paid in full, (2) the taxes and costs are invalid or inapplicable, (3) service of process was insufficient, and (4) the subject parcel is not "abandoned land." Of those, the treasurer argued that Mt. Airy only alleged insufficiency of service and that Robinson's self-serving affidavit did not rebut the presumption of service that arises under Civ.R. 4.6(D) when certified mail is returned unclaimed and subsequent ordinary mail is not returned. The treasurer also pointed out that the prosecutor, after the summons and complaint were sent by ordinary mail and not returned, sent two notices of final hearing by ordinary mail, one to Robinson at the St. James Court address and one to Mt. Airy at its mailing address, that were not returned. Further, the treasurer characterized any

4.

neglect by Mt. Airy and Robinson as inexcusable because it amounted to ignoring the summons and complaint.

{¶ 9} On November 8, 2018, the trial court denied Mt. Airy's motion "for the reasons articulated in [the treasurer's] memorandum in opposition * * *."

{¶ 10} Mt. Airy now appeals, raising two assignments of error:

I.  The court below erred when it failed to grant Appellant's motion for relief from judgment without a hearing.  The facts of the case regarding service of the summons and complaint do not show that service was complete so as to invoke the jurisdiction of the court below and, as a consequence, the judgment rendered by the court below was void *ab initio*. (Italics sic.)

II.  The court below abused its discretion by failing to grant Appellant's Motion for Relief from Judgment pursuant to Civ. R. 60(B) without a hearing.  Appellant demonstrated excusable neglect and a meritorious defense in the form of the exercise of its right to redeem, and demonstrated other cause under Civ. R. 60(B)(5) with regard to the issue of service of the summons and complaint.

## II.  Law and Analysis

### A.  The foreclosure adjudication was not void.

{¶ 11} In its first assignment of error, Mt. Airy argues that the trial court should have granted its motion for relief based on failure of service.  It contends that, due to an

unrelated complaint appearing on the trial court's online docket for the underlying case, there is no way to know which complaint was sent to Robinson, and, if it was the complaint from the unrelated case, it would not have put Mt. Airy on notice that a complaint was pending against it. In response, the treasurer and intervening appellee, the Lucas County Land Reutilization Corporation ("land bank"),[1] argue that Mt. Airy failed to rebut the presumption that service was proper, so the adjudication of foreclosure is not void.

{¶ 12} It is axiomatic that a court must have jurisdiction over the parties and the subject matter of a case to issue a valid judgment. *Mantho v. Bd. of Liquor Control*, 162 Ohio St. 37, 40, 120 N.E.2d 730 (1954). One of the ways a court obtains personal jurisdiction over a party is by proper service of process. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 464 N.E.2d 538 (1984). When service is not properly made under Civ.R. 4 to 4.6, the trial court lacks jurisdiction over the defendant who was not properly served; consequently, any judgment issued against that defendant is void. *Cavalry Invest., LLC v. Clevenger*, 6th Dist. Lucas No. L-05-1103, 2005-Ohio-7003, ¶ 9. And because a judgment issued without jurisdiction is void, the party seeking to vacate the judgment need not comply with the requirements of Civ.R. 60(B). *Id.*; *see also State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 42, quoting *Van DeRyt v. Van DeRyt*, 6 Ohio St.2d 31, 36, 215 N.E.2d 698 (1966) (recognizing that "'[a] court has

---

[1] The land bank took title to the property at issue following the adjudication of foreclosure. We granted the land bank's motion to intervene on March 25, 2019.

6.

inherent power to vacate a void judgment because such an order simply recognizes the fact that the judgment was always a nullity.'").

{¶ 13} Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond. *Akron-Canton Regional Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 406, 406 N.E.2d 811 (1980). When the defendant is a limited liability company, service is properly made on the company's appointed statutory agent. Civ.R. 4.2(G); R.C. 1705.06(H)(1)(a); *see also* R.C. 1705.06(A) (a limited liability company is required to appoint "an agent for service of process on the company."). The plaintiff in a case bears the burden of achieving proper service on a defendant. *Clevenger* at ¶ 10, citing *Cincinnati Ins. Co. v. Emge*, 124 Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997).

{¶ 14} One of the permissible methods of service is service by the clerk of courts using certified U.S. mail with a return receipt requested. Civ.R. 4.1(A)(1)(a). If the certified mail is returned "unclaimed," the plaintiff may request that the clerk serve the defendant by ordinary mail. Civ.R. 4.6(D). Service by ordinary mail is deemed complete "when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." *Id.*

{¶ 15} If the plaintiff follows the Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice. *Clevenger* at ¶ 10. Before finding that an underlying

judgment is void for lack of service, the trial court must determine whether the defendant presented "sufficient evidence of nonservice" to rebut the presumption of proper service. *United Home Fed. v. Rhonehouse*, 76 Ohio App.3d 115, 125, 601 N.E.2d 138 (6th Dist.1991). The presumption of proper service can be rebutted by "demonstrating a procedural flaw in the service: use of the wrong address, receipt by someone who is not a proper person, or untimely mailing or receipt." *Gaston v. Medina Cty. Bd. of Revision*, 133 Ohio St.3d 18, 2012-Ohio-3872, 975 N.E.2d 941, ¶ 14 (discussing a similar mail-service rule applied to service of decisions from administrative agencies).

{¶ 16} The evidence before the trial court showed that, after certified mail to Robinson—Mt. Airy's statutory agent—was returned as unclaimed, the clerk of courts issued service to Robinson, as Mt. Airy's statutory agent, by ordinary mail. The mail was not returned as undeliverable. Thus, a presumption of proper service arose.

{¶ 17} In an effort to rebut this presumption, Robinson submitted an affidavit stating that he "never had a summons to deliver" to Kamal or Aldabel. Mt. Airy also argues that "it is apparent from the record that an envelope containing a summons and a copy of *a* complaint was sent by ordinary mail to [Mt. Airy's] statutory agent. However, there is no way of knowing which complaint was actually sent." (Emphasis sic.)

{¶ 18} We find that Mt. Airy fails to rebut the presumption of proper service. Although the presence of an unrelated complaint on the case docket is arguably an irregularity in the proceedings, it is not a "procedural flaw in the service" (i.e., use of the wrong address, an improper person receiving the summons, or delayed mailing or receipt

8.

of the summons) that rebuts a presumption of proper service of process. *Gaston* at ¶ 14. Similarly, Robinson's statement that he "never had" a summons does not allege a "procedural flaw" in service or otherwise rebut the presumption that service was proper. Moreover, the presumption that the ordinary mail (containing the correct complaint) reached its intended destination is bolstered by evidence that (1) the prosecutor's office sent a final hearing notice to Robinson, as statutory agent, by ordinary mail at the address that he confirmed was his and, like the complaint sent by the clerk, the hearing notice was not returned by the postal service; (2) the certified mail envelope that was returned unclaimed by Robinson contained the correct complaint; and (3) Mt. Airy's codefendant (to which the clerk also sent service by ordinary mail) received the correct complaint and filed an answer.

{¶ 19} We therefore find that Mt. Airy does not rebut the presumption of proper service. The adjudication of foreclosure is not void, and the trial court did not err by denying Mt. Airy's motion to vacate. Mt. Airy's first assignment of error is not well-taken.

### B. Mt. Airy is not entitled to relief under Civ.R. 60(B).

{¶ 20} In its second assignment of error, Mt. Airy argues that the trial court abused its discretion by denying Mt. Airy's motion for relief from judgment because it sufficiently alleged facts that would warrant relief from judgment (thus necessitating a hearing on the motion). The treasurer and the land bank each respond that Mt. Airy

9.

failed to demonstrate that it has a meritorious defense to the foreclosure action or that it is entitled to relief under Civ.R. 60(B)(1)-(5).

{¶ 21} We review a trial court's decision on a motion for relief from judgment for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). Abuse of discretion means that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610, 665 N.E.2d 200 (1996).

{¶ 22} As pertinent here, under Civ.R. 60(B), a party may be relieved from a final judgment because of "(1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment." A motion filed under Civ.R. 60(B) "shall be made within a reasonable time * * *" and, if the basis of the motion is Civ.R. 60(B)(1), the motion must be made "not more than one year after the judgment, order or proceeding was entered or taken." *Id.*

{¶ 23} To prevail on a motion for relief from judgment, the moving party must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Elec., Inc. v. Arc Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

10.

**{¶ 24}** A party seeking relief under Civ.R. 60(B) is required to allege "operative facts" that support the claim, but "is not required to support its motion with evidentiary materials * * *." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996); *Coulson v. Coulson*, 5 Ohio St.3d 12, 16, 448 N.E.2d 809 (1983). If the trial court determines that the movant failed to allege operative facts that would warrant relief under Civ.R. 60(B), it may deny the motion without a hearing. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

**{¶ 25}** In the trial court, Mt. Airy moved for relief based on the excusable neglect provision of Civ.R. 60(B)(1) and the catch-all provision of Civ.R. 60(B)(5). A motion for relief from judgment based on insufficient service of process (i.e., the trial court's lack of personal jurisdiction over the defendant) is properly considered as a common-law motion to vacate a void judgment, not as a Civ.R. 60(B)(5) motion for relief based on "any other reason justifying relief from the judgment." *Romp v. Jean-Pierre*, 6th Dist. Lucas No. L-15-1123, 2016-Ohio-5072, ¶ 14. And we have already addressed the propriety of service in this case. Thus, we find that Mt. Airy's arguments under Civ.R. 60(B)(5) are without merit.

**{¶ 26}** Excusable neglect under Civ.R. 60(B)(1) is an "elusive concept" that the Supreme Court of Ohio has defined in the negative. *Kay* at 20. Neglect is inexcusable if it can be deemed a "'complete disregard for the judicial system.'" *Id.*, quoting *GTE Automatic Elec.* at 153. Neglect is also inexcusable when it is a "'consequence of the party's own carelessness, inattention, or willful disregard of the process of the court

11.

* * *,'" as opposed to a "'consequence of some unexpected or unavoidable hindrance or accident.'" *Mason v. Mason*, 5th Dist. Perry No. 10-CA-18, 2011-Ohio-4775, ¶ 28, quoting *Emery v. Smith,* 5th Dist. Stark Nos. 2005CA00051 and 2005CA00098, 2005-Ohio-5526, ¶ 16.

{¶ 27} Here, Mt. Airy did not allege operative facts that, if believed, showed that its failure to respond to the tax foreclosure action was excusable. Mt. Airy bases its excusable neglect argument on Robinson's failure to transmit the summons and complaint to either Kamal or Aldabel. But, as this court has previously held, an agent's failure to appropriately forward a complaint does not automatically constitute excusable neglect. *See T.S. Expediting Servs., Inc. v. Mexican Industries, Inc.*, 6th Dist. Wood No. WD-01-060, 2002-Ohio-2268, ¶ 18. Moreover, in the cases Mt. Airy cites there was some evidence of the agent mishandling a complaint or filing. *See, e.g., Kay*, 76 Ohio St.3d 18, 665 N.E.2d 1102 (excusable neglect found where attorney's secretary mistakenly put an answer in the case file instead of filing it with the clerk of courts); *Perry v. Gen. Motors Corp.*, 113 Ohio App.3d 318, 680 N.E.2d 1069 (10th Dist.1996) (excusable neglect found when employee who received summons and complaint did not open envelope and forwarded it to payroll department instead of corporate counsel); *Sycamore Messenger, Inc. v. Cattle Barons, Inc.*, 31 Ohio App.3d 196, 509 N.E.2d 977 (1st Dist.1986) (excusable neglect found when defendant's bookkeeper failed to forward the complaint to the appropriate person and bookkeeper was subsequently fired).

**{¶ 28}** Unlike the cases Mt. Airy relies on, in this case, the agent—Robinson—does not aver that he somehow neglected his duties by mishandling the summons and complaint. Rather, he claims that he "never had" the summons and complaint. And even if Robinson had claimed to mishandle the summons and complaint, Mt. Airy would not be entitled to relief under Civ.R. 60(B)(1) because it has not alleged any additional facts to demonstrate that any neglect by Robinson was *excusable*.

**{¶ 29}** Because Mt. Airy has not shown that it was entitled to relief under Civ.R. 60(B)(1)-(5), it does not meet the requirements of the *GTE Automatic Elec.* test and is not entitled to relief from judgment. *Strack*, 70 Ohio St.3d at 174, 637 N.E.2d 914 ("[T]he test [under *GTE Automatic Elec.*] is not fulfilled if any one of the requirements is not met."). Thus, we find that the trial court did not abuse its discretion when it denied Mt. Airy's motion for relief without holding a hearing. Mt. Airy's second assignment of error is not well-taken.

## III. Conclusion

**{¶ 30}** Based on the foregoing, the November 8, 2018 judgment of the Lucas County Court of Common Pleas is affirmed. Mt. Airy is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                          _____
                                                                    JUDGE
Christine E. Mayle, P.J.

Gene A. Zmuda, J.                       _____
CONCUR.                                                       JUDGE

                                                    _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.