[Cite as *Smith v. Hines*, 2023-Ohio-107.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Tomeka J. Smith

Court of Appeals No.  L-22-1075

Appellant

Trial Court No.  DR2020-0382

v.

Anthony T. Hines

**DECISION AND JUDGMENT**

Appellee

Decided:  January 13, 2023

* * * * *

Abbey M. Flynn, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} Appellant, Tomeka Jean Smith, appeals from a judgment entry of divorce, entered by the Lucas County Court of Common Pleas, Domestic Relations Division.  For the reasons that follow, we affirm the judgment of the trial court.

**Statement of the Case**

{¶ 2} On July 7, 2020, appellant, through her counsel, Patricia Gaddy, filed a complaint for divorce against appellee, Anthony T. Hines.  Appellant provided her

counsel's address for purposes of service in the caption of her pleading. On October 14, 2020, appellee filed an answer and counterclaim for divorce. That same day, appellant filed an emergency motion to show cause, for immediate possession of the parties' minor child, supervised parenting time for appellee, and attorney fees and costs. The trial court denied the motion and set the matter for a telephonic hearing. By orders journalized on October 29, 2020, parenting times were established, and a guardian ad litem was appointed to protect the interests of the minor child. A number of telephone conferences and evidentiary hearings took place between October 2020 and January 2021.

{¶ 3} On February 11, 2021, appellant filed responses to appellee's first set of interrogatories and requests for production of documents, and, days later, she filed a second motion to show cause, for immediate possession of the minor child, supervised parenting time for appellee, and attorney fees and costs. Additional telephonic conferences and hearings ensued. By order dated May 3, 2021, both appellant and appellee were ordered to comply with all prior orders, and appellant was ordered to fully comply with appellee's discovery requests.

{¶ 4} On May 26, appellant filed a notice of service of first combined discovery requests. Following a pre-trial conference that took place that same day, the trial court issued a firm trial order, journalized on June 15, 2021, establishing December 9, 2021 and December 10, 2021 as mandatory trial dates.

2.

{¶ 5} Appellant states in an affidavit dated January 10, 2022, that on June 1, 2021, she sent a message in writing to Gaddy terminating her as her attorney. On July 26, 2021, Gaddy filed a motion to withdraw as counsel for appellant. This motion was granted by the court in an order journalized on November 29, 2021. As required by Civ.R.5, the trial court mailed a copy of the order to counsel and parties, sending notice to appellant in care of her attorney, the address of record provided by appellant in her complaint.

{¶ 6} On December 9, 2021, appellee, his counsel, and the guardian ad litem appeared for trial. Appellant was not present at the proceedings. The trial court dismissed appellant's claim for divorce and proceeded with a trial on the counterclaim filed by appellant. On December 28, 2021, the court entered a final judgment entry of divorce.

{¶ 7} On January 14, 2021, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B), asking the court to vacate the final entry of divorce. On February 28, 2022, the court issued an order denying appellant's motion. Appellant filed a timely appeal from this decision.

**Statement of Facts**

{¶ 8} The complaint for divorce that was prepared by attorney Gaddy on appellant's behalf did not provide appellant's address, but instead provided Gaddy's address. As a result, documentation that was sent out by the court was directed to appellant in care of Gaddy.

3.

{¶ 9} On April 22, 2021, the court sent notice to the parties and their counsel of a telephonic "final hearing" scheduled for May 26, 2021. Appellant claims that she was not present for this pretrial hearing, during which the December 9, 2021 trial date was set. She further claims that she was never notified, either by Gaddy or by the trial court, that a trial date had been scheduled in the matter.

{¶ 10} In her affidavit, appellant asserts that after firing Gaddy on June 1, 2021, she never received from her "any documents, letters, or anything relating to [the] divorce case * * * until December 29, 2021."

{¶ 11} Appellant claims that she was told by the guardian ad litem "that a report and recommendation had been filed with the Court around August, 2021." She further claims that on October 5, 2021, she went to the Lucas County Domestic Relations Court, Court Counseling Department, in order to get a copy of the report and recommendation, but was advised that because attorney Gaddy was still listed as the attorney on the case, she was not allowed to receive a copy of "any documents." On November 17, 2021, the trial court mailed a notice of the trial date to appellant in care of attorney Gaddy.

{¶ 12} Appellant states that two days before trial, on December 7, 2021, she received a phone call from the receptionist at Gaddy's law firm asking for appellant's address in order to forward "documents" for appellant that had been received from the court. The same day, an envelope was mailed to appellant from the law firm. According

4.

to appellant, the envelope contained nothing more than a few pages of documentation from the Lucas County Child Support Enforcement Agency.

{¶ 13} On December 29, 2021, an envelope containing the final judgment entry of divorce was mailed by the court to appellant, at her current address. Appellant states that prior to receiving this document, she had "no knowledge that a trial date had been scheduled in the matter." She further states that she believed that as a result of COVID-19 no hearings had been scheduled in her divorce. [1]

**Assignments of Error**

{¶ 14} Appellant asserts the following assignments of error on appeal:

I. The trial court abused its discretion when finding that Appellant is not entitled to relief under Rule 60(b) because she was properly notified of the trial date.

---

[1] We note that appellant makes certain allegations in her appellate brief that were not contained in the affidavit that she filed in the trial court and, further, were not set forth in her motion for relief from judgment that was filed with the trial court. As a result, these allegations will not be considered as part of our analysis herein. Among the allegations we decline to consider is a claim that appellant advised attorney Gaddy "that she was terminating her for the reason that counsel had failed to provide Appellant notice of her court dates and her failure to communicate with Appellant as to the proceedings in this matter." The remaining claims that we decline to consider are that appellant "attempted to reach out to [Gaddy] to determine what was going on in the matter," that appellant "had no knowledge that [the trial court] did not have her mailing address," and that appellant was "unaware that her court notices were being mailed to [Gaddy]."

5.

II. The trial court abused its discretion in finding that Appellant is not entitled to relief under Rule 60(b) because of lack of familiarity with the court or the legal process.

III. The trial court abused its discretion in finding that Plaintiff was not entitled to relief pursuant to any grounds under Civil Rule 60(b).

## Analysis

{¶ 15} Appellant's three assignments of error, all raising various challenges to the trial court's decision denying her motion for relief from judgment, will be considered together in this analysis. Civ.R. 60(B) states in part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) * * * it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

6.

{¶ 16} To obtain relief from judgment under Civ.R. 60(B), a movant must demonstrate that: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶ 17} The three requirements of the *GTE Automatic* test "are independent of one another and in the conjunctive." *Technical Servs. Co. v. Trinitech Internatl.*, 9th Dist. Summit No. 21648, 2004-Ohio-965, ¶ 10. Therefore, "if the movant fails to satisfy any one of these requirements, the trial court must deny the motion." *Id.*

{¶ 18} "A party seeking relief under Civ.R. 60(B) is required to allege "operative facts" that support the claim, but 'is not required to support its motion with evidentiary materials * * *.'" *Treasurer of Lucas Cnty. v. Mt. Airy Investments Ltd.,* 6th Dist. Lucas No. L-18-1254, 2019-Ohio-3932, ¶ 24, quoting *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996). It a movant fails to allege operative facts that would warrant relief under Civ.R. 60(B), the trial court may deny the motion without a hearing. *Treasurer* at ¶ 24, citing *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E. 2d 1134 (1996).

7.

{¶ 19} An appellate court reviews a trial court's decision to grant or deny a Civ.R. 60(B) motion under an abuse of discretion standard. *Id.* at ¶ 11. An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 20} Appellant argues in her first assignment of error that the trial court abused its discretion in failing to find excusable neglect under Civ.R. 60(B)(1). "'The term "excusable neglect" is an elusive concept which has been difficult to define and to apply.'" *Natl. City Bank v. Calvey*, 10th Dist. Franklin No. 05AP-1229, 2006-Ohio-3101, ¶ 8, quoting *Kay* at 20. In deciding whether neglect is excusable under Civ.R.60(B)(1), "a court must consider all of the surrounding facts and circumstances." *Maggiore v. Barensfeld*, 5th Dist. Stark No. 2011CA00180, 2012-Ohio-2909, ¶ 26, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988). Among the circumstances to be considered, although not decisive in itself, is "the experience and understanding of the [movant] with respect to litigation matters." *Colley v. Bazell,* 64 Ohio St.2d 243, 249, 416 N.E.2d 605 (1980).

{¶ 21} The Supreme Court of Ohio made clear that a movant's inaction does *not* amount to excusable neglect when it "reveals a complete disregard for the judicial system and the rights of the appellee." *See GTE Automatic* at 153. Neglect is also not excusable when it is a "'"consequence of the party's own carelessness, inattention, or willful

8.

disregard of the process of the court * * *,'" as opposed to a "'consequence of some unexpected or unavoidable hindrance or accident.'"" *Treasurer,* 6th Dist. Lucas No. L-18-1254, 2019-Ohio-3932, at ¶ 26, quoting *Mason v. Mason*, 5th Dist. Perry No. 10-CA-18, 2011-Ohio-4775, ¶ 28, quoting *Emery v. Smith*, 5th Dist. Stark Nos. 2005CA00051 and 2005CA00098, 2005-Ohio-5526, ¶ 16.

{¶ 22} In the instant case, appellant's argument, as set forth in her first and second assignments of error, is essentially that she failed to receive notice of the final hearing conducted on December 9, 2021 and, therefore, her failure to appear at the proceeding amounted to excusable neglect. Even if we accept as true that she did not receive notice of the final hearing, either from the court or from her former counsel, and even accepting "her lack of familiarity with the court or the legal process," we do not find that the trial court abused its discretion in concluding that appellant failed to demonstrate excusable neglect.

{¶ 23} As indicated above, the trial court mailed notice to appellant at the address provided by appellant. Appellant argues excusable neglect based on her failure to *receive* notice. However, service of notice under Civ.R. 5 only required notice be *mailed* to the address of record. The trial court fully complied with the Rule, and "a party bears the burden of formally notifying and keeping the trial court informed of any change of address[.]" *In re L.D.M.,* 12th Dist. Butler No. CA2020-07-078, 2021-Ohio-1853, ¶ 38, citing *State ex rel. Halder v. Fuerst,* 118 Ohio St.3d 142, 2008-Ohio-1968, 886 N.E.2d

9.

849, ¶ 6. Because the party can most easily update the trial court of their own address, "the burden of satisfying this requirement cannot be shifted to the opposing party or the trial court." (Citations omitted), *In re L.D.M.* at ¶ 38, citing *Fuerst* at ¶ 6.

{¶ 24} Appellant terminated Gaddy as her attorney on June 1, 2021. This court has recognized that a client may terminate the attorney-client relationship "at any time." *Kott Enterprises, Inc. v. Brady*, 6th Dist. Lucas No. L-03-1342, 2004-Ohio-7160, ¶ 30. In addition, appellant never hired other counsel. It has been widely held in Ohio that "lack of counsel and ignorance of the legal system does not constitute "excusable neglect."" *Dayton Power & Light v. Holdren,* 4th Dist. Highland No. 07CA21, 2008-Ohio-5121, ¶ 12. Instead, "'pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by trial.'" *State ex rel. Fuller v. Mengel,* 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist. 2001). As a result, "[c]ourts should not generally use Civ.R. 60(B)(1) to relieve pro se litigants who are careless or unfamiliar with the legal system," and "a pro se litigant's confusion or misunderstanding of the law does not provide grounds for granting a Civ.R. 60(B) motion for relief from judgment." *Dayton Power* at ¶ 12.

{¶ 25} Appellant could have prevented the circumstances she now complains of if *sometime* during the six months in between appellant's firing of her counsel and the

10.

December 9, 2021 trial date she had retained other counsel, had checked with the court about the case schedule, or, even, had provided the court with an updated mailing address. *See Lundstrom v. Lundstrom,* 11th Dist. Geauga No. 2001-G-2381, 2002-Ohio-7127, ¶ 22 (holding that it is the duty of a party, once he has been made a party to an action, to keep himself advised of the progress of the case and of the dates of the hearings, including the trial); *Robb v. Smallwood,* 165 Ohio App.3d 385, 2005-Ohio-5863, ¶ 11 (holding that a party bears the burden of formally notifying the court of a change of address; the clerk is not charged with the duty of perusing the record to ensure that a party's mailing address has not changed). Appellant did none of these things. Although she provides affidavit testimony to the effect that she "suffered from a number of health issues during the year of 2021," and, in fact, "suffered a stroke on December 5, 2021," which resulted in her being hospitalized until December 8, 2021, none of these facts explains her nearly complete lack of attention to the process of the court following her June 1, 2021 firing of her counsel. The trial court did not abuse its discretion in failing to find excusable neglect under Civ.R. 60(B)(1). Accordingly, appellant's first and second assignments of error are found not well-taken.

{¶ 26} Appellant argues in her third assignment of error that the trial court abused its discretion in failing to find that she was entitled to relief under Civ.R. 60(B)(4). Civ.R. 60(B)(4) provides relief from a final judgment where "it is no longer equitable that the judgment should have prospective application." *Id.* This provision "was designed to

11.

provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control." *Knapp v. Knapp*, 24 Ohio St.3d 141, 146, 493 N.E.2d 1353 (1986). As explained above, appellant herself made the choice, over the course of half a year, not to hire other counsel, not to check with the court about the case schedule, and not to provide a proper mailing address. Thus, Civ.R. 60(B)(4) was not designed to permit the type of relief appellant now seeks. The trial court did not abuse its discretion in failing to find that appellant was entitled to relief under Civ.R. 60(B)(4). Appellant's third assignment of error is found not well-taken.

{¶ 27} Because appellant failed to establish that she is entitled to relief under any of the grounds stated in Civ.R. 60(B)(1) through (5), we need not consider the other two prongs of the *GTE Automatic* test.

{¶ 28} The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

12.

Mark L. Pietrykowski, J.                                       _____
                                                                            JUDGE

Gene A. Zmuda, J.

Myron C. Duhart, P.J.                                     _____
CONCUR.                                                         JUDGE

                                                                            _____
                                                                            JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.