[Cite as *Gingrich v. G&G Feed & Supply, L.L.C.*, 2019-Ohio-4779.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| LORI J. GINGRICH | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| G&G FEED & SUPPLY LLC, ET AL. | : | Case No. 2019 CA 00008 |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. 2018 CV 00410


JUDGMENT:      Reversed and Remanded


DATE OF JUDGMENT:      November 18, 2019


APPEARANCES:

For Plaintiff-Appellant

SANFORD A. MEIZLISH
ROBERT E. DEROSE II
JASON C. COX
250 East Broad Street
10th Floor

For Defendants-Appellees

ANGELA PAUL WHITFIELD
JILL ROGERS SPIKER
280 North High Street
Suite 1300
Columbus, OH 43215

Columbus, OH 43215
*Wise, Earle, J.*

{¶ 1}   Plaintiff-Appellant, Lori J. Gingrich, appeals the January 15, 2019 decision and order of the Court of Common Pleas of Licking County, Ohio, granting relief from judgment to Defendants-Appellees, G&G Feed & Supply, LLC, Tera Gore, Global Vision Alliance, Inc., and IronGate Equestrian Center.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On April 11, 2018, appellant filed a complaint against G&G Feed & Supply alleging an intentional tort.  Appellant worked for G&G which was owned and operated by Tera Gore.  An amended complaint was filed on April 13, 2018 to include as party defendants Ms. Gore, and other employer-related entities owned and operated by Ms. Gore, Global Vision Alliance, Inc., and IronGate Equestrian Center.   The amended complaint alleged on April 15, 2016, Ms. Gore intentionally struck appellant with a heavy metal clipboard causing her to sustain serious injuries.   At the time of the incident, appellant was working at an equestrian event and Ms. Gore was her boss.

{¶ 3}   In July 2016, appellant had filed a workers' compensation claim against one of the appellees herein, G&G Feed & Supply.  On November 20, 2017, appellant appealed the administrative decision, seeking additional allowance considerations.  Both actions were filed with the court sub judice.[1]

{¶ 4}   None of the named defendants to the intentional tort case filed an answer. As a result, appellant filed a motion for default judgment on June 26, 2018.  By entry filed July 26, 2018, the trial court granted the motion.  A damages hearing was held on August

---

[1]This appeal pertains to the intentional tort case only.

27, 2018. Appellees did not appear. By entry filed September 7, 2018, the trial court awarded appellant $953,578.75 as against appellees.

{¶ 5} On September 27, 2018, appellees filed a Civ.R. 60(B) motion for relief from judgment, claiming excusable neglect under subsection (B)(1) and the catch-all provision to relieve a person from the unjust operation of a judgment under subsection (B)(5). Appellees argued they mistakenly believed the filings in the intentional tort case were part of the workers' compensation case and were being handled in that case. By decision and order filed January 15, 2019, the trial court granted the motion under both subsections.

{¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING DEFENDANTS-APPELLEES' MOTION FOR RELIEF FROM JUDGMENT."

I

{¶ 8} In her sole assignment of error, appellant claims the trial court abused its discretion in granting appellees' Civ.R. 60(B) motion for relief from judgment. We agree.

{¶ 9} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan,* 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). Appellees based their Civ.R. 60(B) motion on "mistake, inadvertence, surprise or excusable neglect" and "any other reason justifying relief from the judgment." Civ.R. 60(B)(1) and (5). In *GTE*

*Automatic Electric Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus, the Supreme Court of Ohio held the following:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

{¶ 10} In its decision and order granting the Civ.R. 60(B) motion, the trial court found the following:

> Here, the Court finds that the Defendants did not act in a manner that demonstrated a complete disregard for the judicial system. In fact, Defendants had retained counsel to represent them in the BWC proceeding which involved the same incident the claims asserted in this case are based on. As the Court noted in *Russo v. Fonseca,* 2012-Ohio-5714, a non-lawyer's confusion when there are multiple proceedings involving the same underlying incident is a compelling reason to grant a motion for relief from judgment.

Further, the other factors supporting excusable neglect also weighs in favor of Defendants. First the amount of the judgment in this case is nearly $1,000,000.00. Second, the delay between the entry awarding damages and the motion for relief from judgment was a mere 18 days.

Finally, the Court also finds that the Defendants are entitled to relief under Rule 60(B)(5), which operates as a catch-all provision, and reflects the inherent power of a court to relieve a person from an unjust operation of a judgment. Here, Plaintiff has pursued relief for the same incident against some of the same Defendants in two different lawsuits. The Court finds that the Defendants made an understandable mistake in a situation that is relatively rare, where there are two separate proceedings in the same Court brought by the same Plaintiff against the same first Defendant arising from the same incident.

{¶ 11} A review of the record belies the finding of a mere misunderstanding and/or confusion between two cases. The intentional tort case involved four defendants. The workers' compensation case involved two defendants: one named in the intentional tort case (G&G Feed & Supply) and the Bureau of Workers' Compensation. On December 21, 2016, appellant sent letters to each of the four named defendants in the intentional tort case, putting them on notice of her plan to file the intentional tort claim. The complaint in the workers' compensation case was filed on December 19, 2017. The complaint in the intentional tort case was filed on April 11, 2018, with an amended complaint filed two days later. The record indicates service was complete to the four defendants. In fact,

Ms. Gore signed for three of the four defendants.  The defendant she did not sign for was G&G, the only defendant in the workers' compensation case.  Clearly Ms. Gore was placed on notice that three other defendants, including herself, were being sued.

{¶ 12}  Following the filing of the Civ.R. 60(B) motion, appellee took the deposition of Ms. Gore.  Ms. Gore could not recall if she received the December 21, 2016 notice letters.  Gore depo. at 52-53.  When questioned on the receiving of multiple filings in the intentional tort case, e.g., amended complaint, motion for default, hearing notices, she repeatedly admitted to not opening and/or not reading the mailings, just assuming they had something to do with the workers' compensation case.  *Id.* at 106-108, 122, 125, 130, 175-176, 223.  On the mail she did open, once she saw appellee's name and G&G Feed & Supply, she did not flip past the first page.  *Id.* at 107-108, 129-130, 183.  She admitted that once she saw any document with appellant's name on it, "I put it to the side."  *Id.* at 120, 188-189.  Although Ms. Gore signed for service of the amended complaint for herself, Global Vision Alliance, Inc., and IronGate Equestrian Center, defendants not parties to the workers' compensation case, she did not contact her attorneys or send her attorneys any of the information.  *Id.* at 103, 170-172.  When questioned as to why she did not read the amended complaint, she stated, "Because I receive stuff all the time from AultComp, the BWC.  At some point, I just got tired of reading the stuff."  *Id.* at 189-190.

{¶ 13} In *Mason v. Mason,* 5th Dist. Perry No. 10-CA-18, 2011-Ohio-4775, ¶27-28, this court explained the concept of "excusable neglect" as follows:

> The Ohio Supreme Court has defined "excusable neglect" in the negative by stating that, " * * * the inaction of a defendant is not 'excusable

neglect' if it can be labeled as a 'complete disregard for the judicial system.' " *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102, citing *GTE,* supra, at 153, 351 N.E.2d 113.

Although excusable neglect is an "elusive concept," *Kay v. Marc Glassman, Inc.,* supra, "the failure to plead or respond after admittedly receiving a copy of a complaint is generally not excusable neglect." *Dutton v. Potroos,* 5th Dist. No. 2010CA00318, 2011-Ohio-3646 citing *LaSalle Nat. Bank v. Mesas,* 9th Dist. No. 02CA008028, 2002-Ohio-6117, at ¶ 13. It has been held that "[o]nly where the failure to respond is coupled with a complete lack of notice of the original motion may excusable neglect lie." *Chuck Oeder Inc. v. Bower,* 9th Dist. No. 23785, 2007-Ohio-7032, at ¶ 8, quoting *Zimmerman v. Rourke,* 9th Dist. No. 04CA008472, 2004-Ohio-6075, at ¶ 9. Excusable neglect has been further defined as some action "not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident." *Emery v. Smith,* 5th Dist. Nos. 2005CA00051, 2005CA00098, 2005-Ohio-5526, ¶ 16 citing *Vanest v. Pillsbury Co.* (1997), 124 Ohio App.3d 525, 536 fn. 8, 706 N.E.2d 825.

{¶ 14} "In addition, '[w]hile unusual or special circumstances can justify neglect, if a party could have controlled or guarded against the happening or event he later seeks to excuse, the neglect is not excusable.' " *Sandifer v. Yoder,* 5th Dist. Tuscarawas No.

2015 AP 02 0008, 2015-Ohio-4270, ¶ 20, quoting *National City Bank v. Kessler,* 10th Dist. No. 03AP–312, 2003–Ohio–6938, ¶ 14.

{¶ 15} There cannot be a misunderstanding and/or confusion about the filings in the intentional tort case when Ms. Gore did not even bother to open the mailings or read the ones she did open.  Opening the mail and reading the filings is step one.  If she read the filings in their entirety and then became confused, she could have followed up with her attorneys.  Ms. Gore is not a novice to the business world and legal proceedings.  She is a businesswoman who owned three separate entities, knew to employ attorneys, and had been a named defendant in a prior lawsuit out of Tennessee.  Gore depo. at 7-8. She has shown a complete disregard for the judicial system and could have guarded against the default judgment from which she sought relief.  The default judgment was caused by her own carelessness, inattention, and willful disregard of the process of the court.  Her actions did not constitute an "understandable mistake."

{¶ 16} Upon review, we find the trial court's decision was unreasonable given the facts of this case, and find the trial court abused its discretion in granting the motion for relief from judgment pursuant to Civ.R. 60(B)(1) and (5).

{¶ 17} The sole assignment of error is granted.

{¶ 18} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed, and the matter is remanded to said court to reinstate the default judgment and the damages award.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.

EEW/db